# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW VINCENT SALINAS,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET MIMS, et al.,<br><br>Defendants. | Case No. 1:12-cv-01198-AWI-DLB PC<br><br>**ORDER REQUIRING PLAINTIFF EITHER TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS**<br><br>ECF No. 7<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

## I. Background

Plaintiff Matthew Vincent Salinas ("Plaintiff") is a former prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On July 23, 2012, Plaintiff filed his Complaint. On October 9, 2012, Plaintiff filed a First Amended Complaint, which is presently before the Court for screening. ECF No. 7.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was incarcerated at Fresno County Jail ("FCJ") in Fresno, California, at the time of the events alleged in this action. Plaintiff names as Defendants: Sheriff Margaret Mims, doctor Than Aw, director/health officer doctor Edward L. Moreno, and correctional officers John and Jane Does 1 through 5.

Plaintiff alleges the following. Plaintiff arrived at FCJ on March 22, 2012. Plaintiff notified the medical staff of his medical history, including chronic illness, presently prescribed medications, and allergies to various pain medications. On April 8, 2012, Plaintiff submitted a sick call slip, stating that his prescription for Tylenol with codeine was going to run out and would like to see a doctor to renew them. Plaintiff submitted four more sick call slips from April 9, 2012 to April 16, 2012, complaining of lower back pain shooting through his right hand, leg, and foot, migraine headaches, dizziness, seeing spots of light, and lightheadedness. Plaintiff received no responses to his sick call slips.

Plaintiff submitted an inmate grievance on April 17, 2012 and April 27, 2012, and a further ten sick call slips from April 18, 2012, to May 3, 2012, complaining of his pain and how he was allergic to the newly prescribed medication, tegretol. Plaintiff received no responses to his sick call slips.

On May 1, 2012, Plaintiff was seen by dental staff who took an x-ray of Plaintiff's tooth. Plaintiff was summoned for a dental appointment on May 2, 2012, but was never informed by Defendant John Doe 1, the sixth floor observation tower officer, that he had an appointment. Plaintiff suffered from painful tooth pain until June 1, 2012, when he was seen by Dr. Conde who

1 applied a desensitizing agent and a soft food diet.

2 On May 4, 2012, Plaintiff was seen by Defendant Aw. Plaintiff informed Defendant Aw of his complaints regarding pain and his difficulties associated with it. Plaintiff explained his allergic reaction to specific medication. Defendant Aw responded by stating that he was aware of the sick call slips but wanted to wait until Plaintiff requested to see him before he changed the medication. Defendant Aw had stopped Plaintiff's Tylenol with codeine prescription and started the tegretol. Defendant Aw told Plaintiff that he would change him back to his old Tylenol with codeine prescription and would see him every two weeks for physical therapy. Plaintiff requested an increase in his previous pain medication.

On May 5, 2012, Plaintiff discovered that Defendant Aw had not increased his pain medication, but had decreased it by one-third and started him on new medications, baclofen and regular Tylenol. From May 5, 2012 to July 9, 2012, Plaintiff submitted thirteen sick call slips concerning his tooth pain and lack of treatment, and received no responses.

Also from May 19, 2012, to July 10, 2012, Plaintiff submitted fourteen sick call slips concerning the following: that his Tylenol with codeine prescription would run out, had been stopped on May 29, 2012, the baclofen was not effective, asking for Hepatitis C treatment, asking for an increase in tramadol pain medication, the nurse attempted to again give him tegretol, that the amount of Tylenol medication was not good for his liver. Plaintiff was later informed that his Tylenol with codeine medication had been stopped because a custody staff member witnessed Plaintiff doing physical therapy and reported that Plaintiff was working out. Plaintiff was scheduled to see the doctor on July 15, 2012.

Plaintiff contends that Defendants Mims and Moreno have a policy of allowing the FCJ medical and dental departments to be understaffed and not provide sufficient health and dental care, delaying the access to medical and dental care. Plaintiff also contends that Defendants Mims and Moreno have a policy of inadequate initial screening by medical staff regarding allergies to medication, and allowing non-medical staff members to act as gatekeepers for sick call slips.

Plaintiff alleges claim for violation of the Eighth Amendment, due process under the California State Constitution, Article 1, Section 7, and the cruel and unusual punishment clause of

Article 1, Section 17.  Plaintiff also contends medical malpractice against Defendant Aw.  Plaintiff requests declaratory relief, and compensatory and punitive damages.[1]

### III. Analysis

#### A. Eighth Amendment – Defendants Mims and Moreno

Plaintiff alleges that Defendants Mims and Moreno violated Plaintiff's due process rights by implementing policies that were deliberately indifferent to Plaintiff's serious medical needs.  "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996).  Thus, Plaintiff's claim against Defendants Mims and Moreno is more properly brought as an Eighth Amendment claim.

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

---

[1] Plaintiff's request for attorney's fees is denied.  Plaintiff is proceeding pro se and is not entitled to attorney's fees under 42 U.S.C. § 1988.  *Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990).

4

risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)). Here, Plaintiff's claim against Defendants Mims and Moreno is based on supervisory liability.

> A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. A plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right."

*Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal citations and quotations omitted), *cert. denied*, 132 S. Ct. 2101 (2012). The causal connection can be established by: setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others which, the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Id.* at 1207-08 (citations omitted). "'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Id.* at 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).

Plaintiff alleges that Defendants Mims and Moreno had a policy of providing insufficient medical care for inmates at FCJ by understaffing the medical workers. Plaintiff fails to state a claim. Plaintiff's allegations do not demonstrate that the alleged understaffing caused Plaintiff a constitutional injury, in this instance, deliberate indifference to a serious medical need.

Plaintiff alleges that Defendants Mims and Moreno had a policy of inadequate initial screening by medical staff regarding allergies to medication. Plaintiff fails to state a claim. Plaintiff's allegations do not demonstrate that the alleged initial inadequate screening caused Plaintiff a constitutional injury.

Plaintiff alleges that Defendants Mims and Moreno had a policy of allowing non-medical staff to screen sick call slips. Plaintiff fails to state a claim. Plaintiff's allegations do not demonstrate that having non-medical staff screen sick call slips caused Plaintiff a constitutional injury.

///

### B. Eighth Amendment – Defendant John Doe

Plaintiff alleges that Defendant John Doe denied Plaintiff his Eighth Amendment rights by denying and cancelling Plaintiff's dental appointment. Plaintiff fails to state a claim. Plaintiff fails to allege facts which indicate that Defendant John Doe knew of and disregarded an excessive risk of serious harm to Plaintiff's health.[2]

### C. Eighth Amendment – Defendant Aw

Plaintiff alleges that Defendant Aw violated Plaintiff's Eighth Amendment rights by terminating Plaintiff's prescribed pain medication, prescribing him alternative pain medication that he knew Plaintiff was allergic to, which caused Plaintiff pain. As alleged, Plaintiff states a cognizable Eighth Amendment claim against Defendant Than Aw for deliberate indifference to a serious medical need.

### D. State Law Claims

Plaintiff contends a violation of Article 1, Sections 7, due process, and 17, cruel and unusual punishment, of the California Constitution, and medical malpractice.

As to Plaintiff's claims under Section 7, Plaintiff may not bring damages claims. *Lopez v. Youngblood*, 609 F. Supp. 2d 1125, 1142 (E.D. Cal. 2009). Plaintiff's claims under Article 1, Section 17 fail as there is no private cause of action for damages for violation of Article 1, Section 17. *Giraldo v. Cal. Dep't of Corr. and Rehab.*, 168 Cal. App. 4th 231, 253-57 (2008) (citing *Katzberg v. Regents of the Univ. of Cal.*, 29 Cal. 4th 300, 329 (2002)).

With regards to Plaintiff's medical malpractice claim, the California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2 (West 2011). Such a suit includes all actions where the plaintiff is seeking monetary relief. *Hart v. County of Alameda,* 76 Cal. App. 4th 766, 778 (1999). Accordingly, the claims presentation requirement applies to all forms of monetary demands, regardless of the theory of the action. *Id.* at 778–779.

---

[2] Plaintiff fails to make allegations against Defendants John Does 2 through 5. Plaintiff must allege facts which demonstrate 1) the defendant acted under color of state law and 2) deprived Plaintiff of rights secured by the Constitution or federal statute. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 208 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *Shirk,* 42 Cal. 4th at 209; *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff fails to allege compliance with the California Tort Claims Act with regards to his medical malpractice claim. Plaintiff's medical malpractice claim is thus dismissed for failure to state a claim.

## IV.     Conclusion and Order

Plaintiff states a cognizable claim against Defendant Than Aw for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff does not state any other claims against any other Defendants. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides not to amend and is willing to proceed only on the claims found to be cognizable, Plaintiff shall notify the Court. The Court will issue an order dismissing all other claims and Defendants from this action, and forward service documents to Plaintiff for completion and return as to Defendant Than Aw.

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or

superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    (a) File a second amended complaint curing the deficiencies identified herein; or

    (b) Notify the Court of willingness to proceed only on claims found to be cognizable as stated herein;

3. Plaintiff may not add any new, unrelated claims to this action via the second amended complaint and any attempt to do so may result in an order striking the second amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 2, 2013**                            /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE

8